UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CITY OF EAST POINT, GEORGIA

    Plaintiff,

vs.                                          CASE NO:

KINSALE INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

KINSALE INSURANCE COMPANY ("Kinsale'), pursuant to 288 U.S.C. § 1441, removes the action below to this Court, and in support states:

## BACKGROUND

1. On July 22, 2019, the City of East Point, Georgia ("East Point") filed suit against Kinsale in the Superior Court of Fulton County, Georgia, bearing Case No: 2019CV324093. A complete copy of the complaint with all exhibits is attached as Composite Exhibit "A."

2. East Point operates the East Point Police Department ("EPPD"). (Compl., ¶1.) According to East Point, on August 18, 2018, Officer Richard Goodine of the EPPD stopped and detained a group of teenagers. (¶7.) Among the group of teenagers was Jane Doe, a minor. (¶7.) Doe allegedly claims that Goodine "performed an inappropriate frisk and search…ordering her to lift up her bra and looking down her pants." (¶9.) The complaint goes on to allege that Doe is currently making claims of sexual harassment, assault, and intentional infliction of emotional distress among others, against East Point. (¶10.) Simultaneously, the complaint alleges counts for "Breach of Contract: Duty to Defend" and "Notice of Bad Faith" against Kinsale.

3. Kinsale issued a law enforcement professional liability policy to East Point Police Department, as the named insured, under a policy bearing Policy No: 0100043206-1, and

effective from 10/01/2017 to 10/01/2018. The policy provides a $1,000,000 of insurance for each wrongful act and a $2,000,000 aggregate limit.

4. Prior to the filing of this lawsuit, on August 28, 2018, Doe sent the Plaintiff an Ante Litem notice of sexual assault stating that her damages exceed $5,000,000.

## STANDARD OF REMOVAL

5. Removal is appropriate because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs.

6. In removal cases, the burden is on the party seeking removal to demonstrate that federal jurisdiction exists. *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 (11th Cir. 2007). Where the plaintiff has not pled a specific amount of damages to satisfy diversity jurisdiction, the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied. *Id.*

7. In this case, the record establishes that this Court has jurisdiction.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

8. Kinsale was at all times, including the time this action was commenced, and notice filed, an Arkansas corporation with its principal place of business in Richmond, Virginia. Kinsale is accordingly a citizen of the state of Virginia.

9. East Point was at all times, including the time this action was commenced, and this notice filed, a municipality of Fulton County, Georgia. East Point is accordingly a citizen of the state of Georgia.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

10. It is obvious the amount in controversy exceeds $75,000. East Point alleges that Doe seeks damages for "[s]exual harassment, assault, intentional infliction of emotional distress,

negligent hiring, negligent retention, failure to follow procedure, use of unreasonable force, violation of human rights, stalking, and harassment." (¶10.) Beyond this, it is undisputed that the Declarations page of the Kinsale policy establishes that the limit of insurance is $1,000,000. Doe made a demand from East Point of at least $5,000,000. Accordingly, it is evident that the amount in controversy is in excess of $75,000, exclusive of interests, attorney's fees, and costs.

## THE NOTICE OF REMOVAL IS TIMELY

11. On July 22, 2019, East Point filed its complaint and provided a copy of it to the undersigned. Pursuant to U.S.C. § 1446(b), this notice is accordingly timely since it was filed within thirty days of Kinsale's receipt of the pleading.

## ALL ELEMENTS OF REMOVAL ARE SATISFIED

12. Because the plaintiff and the defendant are citizens of different states, and because the amount in controversy is in excess of $75,000, exclusive of interest, attorney's fees, and costs, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

13. Pursuant to U.S.C. § 1446(b) a copy of all process, pleadings, and order that, Kinsale has received are attached as Composite Exhibit "A."

14. A copy of the notice was promptly filed with the Clerk of the Superior Court, Fulton County, Georgia, and served on all interested parties.

15. Kinsale, under 28 U.S.C. § 1441 and 28 U.S.C. § 1446, respectfully requests that this Court remove this action, which is currently pending in Superior Court, Fulton County, Georgia.

Respectfully submitted,

/s/ JUNAID SAVANI
**JUNAID SAVANI**
Georgia Bar No: 30992
Junaid.Savani@Clydeco.us

CLYDE & CO US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st of August, I e-filed this document using CM/ECF-GA system. I further certify that I am not aware of any non-CM/ECF-GA participants.

/s/ JUNAID SAVANI
**JUNAID SAVANI**